IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIN M. BICKLEY, :
:
    Plaintiff, :
:
v. : Civil Action No. 23-111-CFC
:
ST. FRANCIS HOSPITAL, :
:
    Defendant. :

---

Erin M. Bickley, Wilmington, Delaware.  Pro se Plaintiff.

Colleen D. Shields, Esq., and Jessica L. Reno, Esq., Eckert Seamans Cherin & Mellot LLC, Wilmington, Delaware.  Counsel for Defendant.

## MEMORANDUM OPINION

March 3, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Erin M. Bickley, proceeding *pro se*, filed this action on January 30, 2023, naming as the sole Defendant St. Francis Hospital. (D.I. 1) On February 1, 2023, Plaintiff filed an Amended Complaint. (D.I. 7) Plaintiff has also filed motions to waive the filing fee (which Plaintiff already paid) (D.I. 3), to compel emergency injunctive action (D.I. 4), for e-filing rights (D.I. 5), and to add a defendant (D.I. 8). Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (D.I. 11) Defendant has also filed a motion to expedite. (D.I. 12)

I. **FACTUAL AND PROCEDURAL BACKGROUND**[1]

On January 24, 2023, Plaintiff's wife ("the decedent"), was found unresponsive in her hospital bed in Defendant's intensive care unit. (D.I. 7 at 4) The decedent was resuscitated and placed on life support, but she passed away on January 27, 2023. (*Id.* at 4-5) Her cause of death is unknown, and Defendant has refused Plaintiff's request to recommend that the state medical examiner perform an autopsy. Plaintiff seeks by the Amended Complaint an order "[c]ompel[ling] St. Francis Hospital to recommend to the Medical Examiner to conduct an autopsy

---

[1] Plaintiff's allegations are accepted as true for purposes of deciding this motion. *See* 2 James W. Moore, Moore's Federal Practice § 12.30[4] (3d ed. 1997) ("In reviewing a facial attack [to subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)], a trial court accepts the allegations in the complaint as true.").

1

based upon the unknown cause of death." (*Id.* at 7)  Plaintiff asserts that this Court has federal question jurisdiction based on a theory of due process resulting from the state of Delaware's "lack[] [of] emergency injunctive relief for medical malpractice." (*Id.* at 3)  Plaintiff also asserts that "[t]he Delaware Superior, Family, and Chancery Courts do not have a special process for medical malpractice emergency injunctive relief." (*Id.* at 5)  Plaintiff has moved to add the Attorney General of Delaware as a defendant. (D.I. 8)

In the motion to expedite, Defendant asserts that the decedent was in the intensive care unit for three months until her death, and that her "body remains unclaimed and decompensating in the St. Francis morgue for [more than 30] days." (D.I. 12 at 1)  Given the exigency of the situation and the manifest lack of federal jurisdiction, the Court will grant Defendant's motion to expedite and address Defendant's motion to dismiss even though Plaintiff has not had an opportunity to respond.

## II.  DISCUSSION

This is assuredly a difficult and tragic time for Plaintiff.  But the remedy Plaintiff seeks is not available in this forum.  "Federal courts are courts of limited jurisdiction. . . .  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

2

377 (1994) (citations omitted). In this case, Plaintiff cannot meet that burden.

Our Constitution does not confer on federal courts jurisdiction over the purely local issue of whether, when, and how a state must conduct an autopsy for the purpose of determining if attendant criminal or civil relief ought to be pursued in the courts of that state. Plaintiff's invocation of the phrase "due process" does not alter that reality. *See, e.g., Warrington Sewer Co. v. Tracy*, 463 F.2d 771, 772 (3d Cir. 1972) ("A bare allegation of violation of the due process clause of the Fourteenth Amendment is not sufficient to confer federal jurisdiction."); *see also Daggett v. Key*, 123 Fed. App'x 721, 723 (7th Cir. 2005) (affirming dismissal for lack of subject-matter jurisdiction where plaintiff did "nothing more than apply the words 'due process' and 'conspiracy' to what are plainly state claims"); *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995) ("[S]ubject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can only be created by pleading a cause of action within the district court's original jurisdiction."); *McGee v. Town of Rockland Zoning Bd.*, 863 F. Supp. 2d 108, 110 (D. Mass. 2012) (remanding case for lack of subject-matter jurisdiction and noting that the "incantation of the catch-all concept of 'due process' does not magically transform [a local dispute about a license] into a matter of federal law warranting review by a federal court"). This Court lacks subject matter jurisdiction over this purely local matter and amendment is futile.

3

## III.   CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss, pursuant to Fed. R. 12(b)(1), and dismiss this matter without prejudice.   All of Plaintiffs' pending motions will be denied.[2]

An appropriate order will be entered.

---

[2] To the extent that Plaintiff's motion for fee waiver was a request for a refund of the filing fee, such relief is not available.  *See Porter v. Dep't of the Treasury*, 564 F.3d 176, 179 (3d Cir. 2009) (appellants are not entitled to return of their filing and docketing fees, regardless of whether an appeal is voluntarily dismissed); *Goins v. Decarao*, 241 F.3d 260, 261 (2d Cir. 2001) ("[A] refund claim . . . encounters the barrier of sovereign immunity, since the . . . funds have become the property of the United States"); *see also* 28 U.S.C. § 751(e) ("The clerk of each district court shall pay in the Treasury all fees, costs and other moneys collected by him[.]").

4